

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 05 C 4554 |
| 3043 NORTH KOLMAR, | ) ) ) | |
| Defendant, | ) ) | |
| UNIVERSAL MORTGAGE CORPORATION, | ) ) | |
| Petitioner, | ) ) ) | |
| JESUS GUTIERREZ RUIZ AND GLORIA GUTIERREZ, | ) ) ) | |
| Claimants. | ) | |

## MEMORANDUM OPINION AND ORDER

In this case, the government seeks the forfeiture of residential property located at 3043 North Kolmar in Chicago, Illinois. The present forfeiture action is based on a preliminary order of forfeiture entered against Jesus Gutierrez Ruiz in <u>United States v. Medina</u>, No. 02 CR 924 (N.D. Ill.) (Gottschall, J.). Presently pending is the government's motion to strike the claim that Gutierrez Ruiz filed in the present case.

When pleading guilty to criminal charges of conspiring to distribute cocaine, Jesus Gutierrez Ruiz admitted that he used

the property to store cocaine. See United States v. Medina, No. 02 CR 924 (N.D. Ill.) (docket entry 174). The guilty plea was accepted on January 21, 2004 after a prior plea of guilty had been declared null and void. See id. (docket entry 172). On March 11, 2004, a preliminary order of forfeiture regarding the Kolmar property was entered. See id. (docket entry 182). The preliminary order of forfeiture states that the order is "part of the sentence imposed against defendant JESUS GUTIERREZ-RUIZ and shall be made part of any judgment and commitment entered in this case against him." Id. ¶ 6. On August 3, 2005, Gutierrez Ruiz was sentenced. See id. (docket entry 261). The judgment was entered on the docket on August 15, 2005. See id. (docket entry 267). After the judgment had been entered, but before defendant's attorney was actually aware it had been entered, defendant requested that he be allowed further argument prior to the entry of judgment. See id. (docket entry 270). One issue that defendant desired to raise was an objection to the government seeking to enforce forfeiture. See id. at 2-3. The judgment and commitment order does not mention forfeiture. See id. (docket entry 267).[1] Gutierrez appealed and briefing on the

---

[1] This bench has not sought to retrieve the sentencing proceeding transcript from the Court of Appeals to determine whether forfeiture was mentioned during the sentencing proceeding. It is also noted that the judgment that was entered is six pages long. The first page is not expressly numbered and the remaining pages are numbered "Page 2 of 7" through "Page 6 of 7." It is unknown if that is purely a numbering error or if it had been intended that a "Page 7 of 7" would also be included.

appeal was recently completed. See United States v. Gutierrez-Ruiz, No. 05-3380 (7th Cir.). The Seventh Circuit briefs are not available online, but, since raised in the post-sentencing request for further argument, it may very well be that forfeiture is an issue being raised in that appeal.

After the government brought the present action, three parties filed claims. Gutierrez Ruiz filed a claim stating that he has an ownership and possessory interest in the property.[2] Pro se Gloria Gutierrez filed a claim stating that she is the spouse of the title owner and that she has contributed to paying for the property. Universal Mortgage Corporation filed a petition based on it being the mortgage holder for the property.[3] By agreement, Gloria Gutierrez subsequently withdrew her claim.[4] The government apparently does not dispute Universal's mortgage interest. On October 11, 2005, a protective order was entered permitting the government to conduct an interlocutory sale of the

---

[2]Attorneys Paul Brayman and Jose Rojo filed the claim on behalf of Gutierrez Ruiz. Copies of today's ruling are being sent to Brayman and Rojo. They will not receive further notices unless they file appearance forms and each may be subject to a penalty if he does not file an appearance form. See N.D. Ill. Loc. R. 83.16.

[3]Attorney Michael Walsh filed the petition, but failed to file an appearance. A copy of today's ruling is being sent to Walsh. He will not receive further notices unless he files an appearance form and may be subject to a penalty if he does not file an appearance form. See N.D. Ill. Loc. R. 83.16.

[4]A copy of today's ruling is being sent to Gloria Gutierrez. Unless, for some reason, she subsequently moves to reinstate her claim, she will not receive further notices.

property in order to preserve its value in that the mortgage was in arrears. Under the order, the government is permitted to sell the property, use proceeds to pay off the mortgage of Universal and expenses of the sale, and is to retain any excess in an escrow account pending final resolution of the present proceeding. The government has moved to strike Gutierrez Ruiz's claim on the ground that his right to forfeiture has been extinguished by the order of forfeiture entered in his criminal case. Gutierrez Ruiz asserts that the preliminary order of forfeiture has been extinguished because not made a part of his sentencing judgment. Neither side cites any cases on this issue.

Ordinarily, the criminal order of forfeiture would extinguish the criminal defendant's rights and parties other than the defendant would be the only parties permitted to file a claim or petition[5] in the present ancillary proceeding. See 21 U.S.C. § 853(n)(2); United States v. McHan, 345 F.3d 262, 268 (4th Cir. 2003). See also Fed. R. Crim. P. 32.2(c). The problem in the present case is that the preliminary order of forfeiture was not part of the judgment that was entered when Gutierrez Ruiz was sentenced. Rule 32.2(b)(3) provides in part: "At sentencing--or at any time before sentencing if the defendant consents--the order of forfeiture becomes final as to the defendant and must be

---

[5]The statute refers to a "petition." See 21 U.S.C. § 853(n).

- 4 -

made part of the sentence and be included in the judgment." The courts that have addressed this issue agree that a preliminary order of forfeiture must be included in the final judgment entered at the time of sentencing. United States v. Yeje-Cabrera, 430 F.3d 1, 13-14 (1st Cir. 2005); United States v. Bennett, 423 F.3d 271, 275-76 (3d Cir. 2005); United States v. Pease, 331 F.3d 809, 813-14 (11th Cir. 2003); United States v. Turcotte, 333 F. Supp. 2d 680, 681 (N.D. Ill. 2004), aff'd, 405 F.3d 515 (7th Cir. 2005), cert. denied, 126 S. Ct. 1022 (2006).[6] There is, however, some disagreement as to the effect of omitting forfeiture from the final judgment and what can be done to correct such an omission.

In Pease, the district court entered a preliminary order of forfeiture at the time of the defendant's plea, but failed to make any mention of forfeiture in the sentencing judgment that was entered less than a month later. The government instituted ancillary proceedings in which the defendant filed a claim. The government moved to strike the defendant's claim and the defendant moved to dismiss the ancillary proceeding. The district court thereafter amended the judgment to include forfeiture and denied defendant's and other parties' claims in the ancillary proceeding. See id., 331 F.3d at 811-12. The

---

[6]Forfeiture is not an issue considered in the Seventh Circuit's affirmance.

Eleventh Circuit held that the judgment could not be modified as a clerical error under Fed. R. Crim. P. 36 (at least where the preliminary order had not been raised at sentencing) and that the judgment could not have been modified while an appeal was pending. 331 F.3d at 815-16. The Eleventh Circuit held that the preliminary order expired upon entry of the final sentencing judgment, the ancillary proceeding had to be dismissed, and any further forfeiture proceeding would have to begin anew. Id. at 817 & n.20.

In Bennett, the district court entered a preliminary order of forfeiture. Five months later, a sentencing judgment was entered which was silent as to forfeiture. There was also no mention of forfeiture during the sentencing hearing. After an appeal was pending, the government moved for a final order of forfeiture. The motion was unopposed. More than a month after the sentencing judgment, the district court entered a final order of forfeiture. See id. at 273-74. Approximately three years later, after the conviction and sentence had been affirmed on direct appeal, the district court amended the sentencing judgment stating it was a Rule 36 correction of a clerical error. See id. at 276. The Third Circuit held that, although not expressly mentioned at the time of sentencing, the intention to allow forfeiture was implicit and therefore this was a clerical error that could be corrected under Rule 36. Id. at 277-82. "Rule 36

generally may not be used to correct the omissions of the district court itself, but where, as here, there is no dispute about notice to the defendant, the court's intent, or the propriety of the result; where the defendant has in fact stipulated to the forfeiture; and where the court has already embodied its intent in an uncontested preliminary order of forfeiture, its omission of forfeiture in the final sentence is for all practical purposes tantamount to a mere clerical error." Id. at 282. In United States v. Hatcher, 323 F.3d 666, 673-74 (8th Cir. 2003), the Eighth Circuit also held that a court that entered a preliminary order of forfeiture, but failed to mention or include forfeiture in the judgment at the time of sentencing, could subsequently enter a final order of forfeiture as a clerical correction.

In Yeje-Cabrera, 430 F.3d at 13-16, the First Circuit held that the failure to include a final order of forfeiture in the sentencing judgment could be corrected as a clerical error where the court stated at sentencing that forfeiture would be allowed, defendant and third parties had notice of and an opportunity to object to forfeiture, and the defendant never opposed forfeiture. In United States v. Loe, 248 F.3d 449, 464 & n.55 (5th Cir. 2001), cert. denied, 534 U.S. 974 (2001), the Fifth Circuit held that, where there was no mention of forfeiture in the written sentencing judgment, but a preliminary order of

forfeiture had been entered and the court orally stated at sentencing that the property would be forfeited, it was permissible to subsequently correct the written judgment pursuant to Rule 36.

No Seventh Circuit case has been found that addresses the effect of entering a preliminary order of forfeiture and thereafter omitting to include forfeiture in the final judgment entered following sentencing. The Seventh Circuit, however, has held that Rule 36 is limited to clerical errors in transcribing the judgment and does not encompass oversights or omissions by the court in imposing sentence. United States v. Becker, 36 F.3d 708, 709 (7th Cir. 1994); United States v. Daddino, 5 F.3d 262, 264-65 (7th Cir. 1993).

In Turcotte, 333 F. Supp. 2d 680, Judge Moran considered the effect of failing to include forfeiture in the final sentencing judgment. A preliminary order of forfeiture had been entered six months before Turcotte was sentenced. In his ruling, Judge Moran stated that he believed the facts to be that he had intended to include forfeiture in the final sentencing judgment, but had been awaiting the submission of a revised draft judgment when the final judgment without any forfeiture provision was entered. Turcotte immediately appealed. Two months later the government moved to correct the judgment of conviction to include the preliminary order of forfeiture. See id. at 681. Judge

Moran denied the government's motion to correct the judgment, concluding as follows:

> The rules are not as clear as they might be. Perhaps Pease is correct that the forfeiture must be included in the sentencing judgment when a preliminary forfeiture order has previously been entered. But can a sentencing be divided into discrete elements, one determining incarceration and one determining forfeiture? The Eighth Circuit cases suggest that it can; Petrie holds that it cannot, even if the judgment indicates that the defendant is subject to forfeiture; and Ferrario-Pozzi holds that the forfeiture determination can come later, at least if the forfeiture is referenced in the judgment.
> I conclude, with considerable uncertainty, that the Ferrario-Pozzi approach most accords with reality. The forfeiture is part of the sentence, although the amount has not yet been determined, thus avoiding the claim that there has been a substantive change in the sentence. See United States v. Kaye, 739 F.2d 488 (9th Cir. 1984). And it allows the defendant to file an immediate appeal with the likelihood that a later forfeiture determination can be added to the issues on appeal. But here the sentencing judgment did not include such a reference, even though it was clear from the record that the court was intending to impose forfeitures. In those circumstances I feel constrained to deny the government's motion for entry of its proposed preliminary forfeiture order and for amendment of the judgment. That results in a final appealable order, and we assume the government will appeal. Accordingly, we stay any return of assets to the defendant, but we do direct the government to vacate its lien on the defendant's residence.

Turcotte, 333 F. Supp. 2d at 682-83. The government did not cross appeal, instead choosing to pursue a separate civil forfeiture proceeding. See United States v. Gore (Turcotte),

No. 00 CR 737 (N.D. Ill.) (docket entry 181); United States v. $85,000, No. 04 C 4588 (N.D. Ill.).

As of now, Judge Gottschall has not been asked to amend the sentencing judgment to include an order of forfeiture nor has she sua sponte taken action to modify the judgment that was entered. Therefore, no enforceable order of forfeiture presently has been entered. Since there is no enforceable order that has resolved Gutierrez Ruiz's rights, his claim will not be stricken. Perhaps some issue regarding forfeiture is presently before the Seventh Circuit and that court's ruling will determinatively affect the present forfeiture action. Or perhaps the government will decide to file a motion in the criminal action seeking an amendment of the sentencing judgment to include an order of forfeiture and Judge Gottschall can decide in light of the existing precedents whether she has the authority to do so. At the next status hearing, the parties shall be prepared to advise the court regarding whether any relevant issues are being raised in the related proceedings. The parties shall also be prepared to advise the court as to whether any proceedings in this forfeiture action should be stayed pending a ruling in the related cases or how this case should otherwise proceed. The parties shall also be prepared to address whether this case should be transferred to Judge Gottschall's calendar.

IT IS THEREFORE ORDERED that the government's motion to strike the claim of Jesus Gutierrez Ruiz [9] is denied. A status hearing will be held on April 12, 2006 at 11:00 a.m.

ENTER:

_William T. Hart_
UNITED STATES DISTRICT JUDGE

DATED: FEBRUARY 21, 2006